IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| VONDERIC BARLOW | § | |
| v. | § | CIVIL ACTION NO. 6:07cv58 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Vonderic Barlow, proceeding *pro se*, filed this application for the writ of habeas corpus complaining of the legality of prison disciplinary action taken against him. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Barlow says that he was convicted of the disciplinary offense of refusing to obey an order and punished with 15 days of cell and classification restrictions, reductions in classification status and custody level, and the loss of 30 days of good time credits. He acknowledged that he as not eligible for release on mandatory supervision.

After review of the pleadings, the Magistrate Judge issued a Report on February 6, 2007, recommending that the petition be denied. The Magistrate Judge concluded, based upon Sandin v. Conner, 115 S.Ct. 2293, 2300-01 (1995) that Barlow had failed to show the deprivation of a constitutionally protected liberty interest. *See also* Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000). After receiving an extension of time, Barlow filed objections on March 29, 2007.

In his objections, Barlow says first that the mandatory language of prison regulations creates a protected liberty interest. However, this is the very mode of analysis which the Supreme

1

Court rejected in <u>Sandin</u>, as the Magistrate Judge explained.  Barlow's first objection is without merit.

Second, Barlow says that under prison regulations, his alleged offense should have been graded as minor rather than major, and this misclassification imposes an atypical and significant hardship upon him because of his reductions in classification and custody level.  As the Magistrate Judge stated, however, such reductions do not infringe upon any constitutionally protected liberty interests, and Barlow has failed to show any such "atypical and significant hardships" in relation to the ordinary incidents of prison life.  <u>Malchi</u>, 211 F.3d at 959; *see also* <u>Pichardo v. Kinker</u>, 73 F.3d 612, 613 (5th Cir. 1996).  Barlow's contention that "multiple violations" of prison regulations can rise to the level of a federal constitutional violation is likewise without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all pleadings, documents, and records in the case.  Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the objections of the Petitioner are without merit.  It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court.  It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice.  Finally, it is

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 9th day of April, 2007.**

2

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE